[Cite as *Wells Fargo Bank, N.A. v. Ward*, 2013-Ohio-2066.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| WELLS FARGO BANK, N.A. AS TRUSTEE FOR THE HOLDERS OF THE FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-FFH1 | JUDGES: Hon. William B. Hoffman, P.J. Hon. Sheila G. Farmer, J. Hon. John W. Wise, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 2012CA00143 |
| GERALD A. WARD, ET AL. | |
| Defendants-Appellants | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas, Case No. 2011CV03566

JUDGMENT:                                      Affirmed

DATE OF JUDGMENT:                      May 20, 2013

APPEARANCES:

For Plaintiff-Appellee

SARAH E. LEIBEL
3962 Red Bank Road
Cincinnati, OH 45227

For Defendants-Appellants

SIDNEY N. FREEMAN
12370 Cleveland Avenue, NW
P.O. Box 867
Uniontown, OH 44685

*Farmer, J.*

{¶1} On March 23, 2005, appellants, Gerald and Kathy Ward, executed a note and mortgage with First Franklin, a Division of National City Bank of Indiana. An endorsement on the note made the note payable to First Franklin Financial Corporation who in turn made the note payable to an unspecified payee. On October 3, 2011, the note and mortgage were assigned to appellee, Wells Fargo Bank, N.A. as Trustee for the Holders of the First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FFH1. The instruments were serviced by Bank of America, N.A.

{¶2} On November 7, 2011, appellee filed a complaint in foreclosure for failure to pay on the note and mortgage. On May 11, 2012, appellee filed a motion for summary judgment. By entry filed June 28, 2012, the trial court granted the motion and entered a decree of foreclosure.

{¶3} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶4} "THE TRIAL COURT ERRED, TO THE PREJUDICE OF MR. AND MRS. WARD, BY GRANTING WELLS FARGO'S MOTION FOR SUMMARY JUDGMENT."

I

{¶5} Appellants claim the trial court erred in granting summary judgment to appellee as appellee was not the real party in interest and therefore lacked standing to initiate the foreclosure action, and the affidavit presented by appellee was insufficient to establish default and acceleration. We disagree.

{¶6} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶7} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court*. Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35 (1987).

## REAL PARTY IN INTEREST

{¶8} Appellants argue the affidavit of George Maghielse, officer of Bank of America, N.A., filed in support of appellee's motion for summary judgment, was

insufficient to establish that appellee was the holder of the note. R.C. 1303.31 governs person entitled to enforce instrument. Subsection (A) states the following:

"Person entitled to enforce" an instrument means any of the following persons:

(1) The holder of the instrument;

(2) A nonholder in possession of the instrument who has the rights of a holder;

(3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 1303.38 or division (D) of section 1303.58 of the Revised Code.

{¶9} R.C. 1301.201(B)(21) defines "holder" as follows:

(a) The person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession;

(b) The person in possession of a negotiable tangible document of title if the goods are deliverable either to bearer or to the order of the person in possession; or

(c) The person in control of a negotiable electronic document of

title.[1]

{¶10} If no payee is specified, the instrument is payable to bearer. Therefore, a "holder" of an instrument "payable to bearer" is entitled to enforce the instrument.

{¶11} Copies of the subject note and mortgage are attached to the November 7, 2011 complaint as Exhibits A and C. An endorsement on the note at page 4 made the note payable to First Franklin Financial Corporation who in turn made the note payable to an unspecified payee. Also attached to the complaint as Exhibit D is the assignment of the note and mortgage to appellee on October 3, 2011. The assignment was made prior to the filing of the complaint on November 7, 2011.

{¶12} In their December 12, 2011 answer to the complaint, appellants agreed the attached note and mortgage are the instruments they signed:

2. Mr. and Mrs. Ward admit the allegations in paragraphs 2, 3, 4 and 5 to the extent that they signed the subject Note and Mortgage, but deny the remainder of said paragraphs; specifically, but without limiting the generality of the foregoing, Mr. and Mrs. Deel deny that the subject Note and Mortgage were properly and legally obtained or executed, or that the party whose name appears as the lender on the instruments was

---

[1]This section replaced R.C. 1301.01 which contained the former definition of "holder." R.C. 1301.01 was repealed by H.B. No. 9, effective June 29, 2011. We note the two definitions of "holder" are substantially similar.

qualified to do business in the State of Ohio, or that Plaintiff is the proper mortgagee and holder of the note and mortgage.

{¶13} In his affidavit at ¶ 4, Mr. Maghielse averred, "Wells Fargo Bank, N.A. as Trustee for the Holders of the First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FFH1 has possession of the Note." Attached as Exhibit D to the affidavit is a copy of the assignment to appellee bearing the Stark County Recorder's instrument number and filing date. Pursuant to Evid.R. 803(14), records of documents affecting an interest in property are not excluded by the hearsay rule, even though the declarant is available as a witness:

The record of a document purporting to establish or affect an interest in property, as proof of the content of the original recorded document and its execution and delivery by each person by whom it purports to have been executed, if the record is a record of a public office and an applicable statute authorizes the recording of documents of that kind in that office.

{¶14} All of these facts establish appellee was the real party in interest entitled to pursue the foreclosure action.

SUFFICIENCY OF PROOF OF DEFAULT AND ACCELERATION

{¶15} Appellants challenge the sufficiency of Mr. Maghielse's affidavit on the issue of default and acceleration. The affidavit states the following in pertinent part:

2. BANA maintains records for the Loan. I am able to testify to the matters stated herein because I have personal knowledge of BANA's procedures for creating these records. As part of my job responsibilities for BANA, I am familiar with the type of records maintained by BANA in connection with the Loan

5. The business records attached, which I have reviewed, are true and correct copies from the business records described above. They show Gerald A. Ward and Kathy L. Ward, defaulted and the amount stated in the attached business records is owed on the Loan.

6. Borrower defaulted on the note by failing to make payments due for August 1, 2010 or any subsequent installments. The indebtedness has been accelerated. The balance due on said loan in the principal sum of $281,690.56 plus interest at 7.75000 percent per annum from July 1, 2010.

{¶16} It is appellants' argument that Mr. Maghielse cannot have firsthand knowledge because Bank of America only became the servicer of the note and mortgage when the instruments were assigned to appellee a month before the filing of the action and after default and acceleration.

{¶17} In *LaSalle Bank National Association v. Street,* 5th Dist. No. 08CA60, 2009-Ohio-1855, ¶ 21-22, this court stated the following:

Ohio courts have defined "personal knowledge" as "knowledge gained through firsthand observation or experience, as distinguished from a belief based upon what someone else has said." *Zeedyk v. Agricultural Soc. of Defiance Cty.* Defiance App.No. 4-04-08, 2004-Ohio-6187, ¶ 16, quoting *Bonacorsi v. Wheeling & Lake Erie Railway Co.* (2002), 95 Ohio St.3d 314, 320, 767 N.E.2d; Black's Law Dictionary (7th Ed. Rev.1999) 875. Affidavits, which merely set forth legal conclusions or opinions without stating supporting facts, are insufficient to meet the requirements of Civ.R. 56(E). *Tolson v. Triangle Real Estate,* Franklin App.No. 03AP-715, 2004-Ohio-2640, ¶ 12. However, self-serving affidavits may be offered relative to a disputed fact, rather than a conclusion of law. *CitiMortgage, Inc. v. Ferguson,* Fairfield App.No.2006CA00051, 2008-Ohio-556, ¶ 29.

Ohio law recognizes that personal knowledge may be inferred from the contents of an affidavit. See *Bush v. Dictaphone Corp.,* Franklin App.No. 00AP1117, 2003-Ohio-883, ¶ 73, citing *Beneficial Mortgage Co. v. Grover* (June 2, 1983), Seneca App. No. 13-82-41.

{¶18} In *Wachovia Bank of Delaware, N.A. v. Jackson,* 5th Dist. No. 2010-CA-00291, 2011-Ohio-3202, ¶ 27, this court further stated:

In *Residential Funding Company v. Thorne,* Lucas App. No. L–09–1324, 2010–Ohio–4271, the Sixth District Court of Appeals held: "

'Personal knowledge' has been defined as knowledge of factual truth which does not depend on outside information or hearsay." *Thorne at* paragraph 64, citation deleted. Further, "An affiant's mere assertion that he has personal knowledge of the facts asserted in an affidavit can satisfy the personal knowledge requirement of Civ.R. 56(E). See *Bank One, N.A. v. Swartz,* 9th Dist. No. 03CA008308, 2004–Ohio–1986, paragraph 14. A mere assertion of personal knowledge satisfies Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit. *Id.*" *Thorne* at paragraph 70.

{¶19} Of particular interest is how appellants were notified of the change of interest rate pursuant to the Adjustable Rate Note, attached to the complaint as Exhibit A. In paragraph 4(F) of the note is the requirement that the note holder will deliver to borrower "a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change." A Loan Modification Agreement, attached to the complaint as Exhibit B, was executed on January 11, 2008 and set forth the following specific interest rate for the next twenty-four months:

Effective 01/01/08, the interest rate on the principal amount of the Note will be fixed at 7.7500% per annum and will remain in effect for 24 months.

Borrower will pay this loan in regular payments of $1,826.00 for the 24 month fixed-rate period. Such installments shall be due and payable on the first day of each month beginning 02/01/08. After said 24 month fixed-rate period, borrower understands that the interest rate will remain adjustable on a periodic basis, pursuant to the same adjustable rate index as set forth in the Note. All other terms and provisions (if any) of the Note and Security Instrument providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note and all terms and provisions of any adjustable rate rider that contains any such terms relating to adjustment of interest rate shall remain the same.

In addition to the principal and interest obligation there are additional amounts owing, specifically. An escrow account with a monthly payment of $311.61.

Total monthly payment of $2,137.61.

{¶20} In his affidavit, Mr. Maghielse averred the default occurred on August 1, 2010, after the expiration of the twenty-four month modification period. An attached account printout evidences the August 1, 2010 default. As cited above, Mr. Maghielse averred he has reviewed these business records and they are true and correct copies.

{¶21} In their May 31, 2012 memorandum opposing summary judgment, appellants argued, "[n]ot a single document accompanying the Motion for Summary Judgment is self-authenticating, and the Affidavit submitted by Mr. Maghielse gives no clue as to how he would have any idea of the documents' authenticity." Appellants did

not present any contra affidavits or any proof that they were not in default or were unaware of the new adjustable rate. Appellants merely argued the affidavit was inadequate and no affirmative response was required to defeat the motion. However, the default notice and acceleration provisions were conditions precedent and not affirmative defenses (*LaSalle Bank, N.A. v. Kelly,* 9th Dist. No. 09CA0067-M, 2010-Ohio-2668) and therefore, under Civ. R. 9(C), "[i]n pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity." In other words, appellants could not merely rest on their denials contained in their answer once faced with an affidavit affirming default and acceleration.

{¶22} Upon review, we find the trial court did not err in granting summary judgment to appellee.

{¶23} The sole assignment of error is denied.

{¶24} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.


s/ Sheila G. Farmer_____


s/ William B. Hoffman_____


s/ John W. Wise_____

JUDGES


SGF/sg 429

[Cite as *Wells Fargo Bank, N.A. v. Ward*, 2013-Ohio-2066.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

WELLS FARGO BANK, N.A.                    :
AS TRUSTEE FOR THE HOLDERS OF             :
THE FIRST FRANKLIN MORTGAGE LOAN          :
TRUST, MORTGAGE LOAN                       :
ASSET-BACKED CERTIFICATES,                :
SERIES 2005-FFH1                           :
                                           :
    Plaintiff-Appellee               :
                                           :
-vs-                                       :      JUDGMENT ENTRY
                                           :
GERALD A. WARD, ET AL.                     :
                                           :
    Defendants-Appellants            :      CASE NO. 2012CA00143


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs to appellants.


s/ Sheila G. Farmer_____


s/ William B. Hoffman_____


s/ John W. Wise_____

JUDGES