[Cite as *Wells Fargo Bank, N.A. v. Dawson*, 2014-Ohio-269.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| WELLS FARGO BANK, N.A. | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2013CA00095 |
| DAIVD D. DAWSON, ET AL. | |
| Defendants-Appellants | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                             Common Pleas, Case No. 2012CV01673

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      January 21, 2014

APPEARANCES:

For Plaintiff-Appellee                For Defendants-Appellants

STEPHEN D. WILLIGER                   MARC E. DANN
RICHARD A. FRESHWATER                 GRACE DOBERDRUK
Thompson Hine LLP                     Dann, Doberdruk & Harshman
3900 Key Center, 127 Public Square    4600 Prospect Avenue
Cleveland, Ohio  44114                Cleveland, Ohio 44103

SCOTT P. CIUPAK
DOUGLAS A. HAESSIG
Reimer, Arnovitz, Chernek &
Jeffrey Co., L.P.A.
P.O. Box 39696
Solon, Ohio  44139

*Hoffman, J.*

{¶1} Defendants-appellants David D. Dawson and Amy B. Dawson appeal the April 25, 2013 Judgment Entry entered by the Stark County Court of Common Pleas, which granted summary judgment in favor of plaintiff-appellee Wells Fargo Bank, N.A. ("Wells Fargo"), and issued a decree of foreclosure.

STATEMENT OF THE FACTS AND CASE

{¶2} On July 26, 2005, Appellants executed a promissory note ("the Note") in the amount of $332,000, which amount was secured by a mortgage ("the Mortgage") against real property located at 10745 Johnston St., NW, Canal Fulton, Stark County, Ohio. The Mortgage was recorded in the Stark County Recorder's Office on August 2, 2005. The Note was originally payable to Washington Mutual Bank, FA ("WaMu").

{¶3} On March 29, 2012, JPMorgan Chase Bank, N.A., successor in interest by purchase from the FDIC as receiver of WaMu ("Chase"). Chase executed an assignment of mortgage to Wells Fargo and recorded the same with the Stark County Recorder's Office on April 13, 2012. Wells Fargo, as Trustee for WaMu Mortgage Pass-through Certificates Series 2006-PR1, filed a complaint in foreclosure on May 23, 2012. In the complaint, Wells Fargo alleged it had "complied with all conditions precedent as set forth in the Note and Mortgage" prior to filing the action. Appellants filed a pro se answer and requested the matter be referred to mediation. Appellant's set forth a general denial of the allegations in their answer.

{¶4} The trial court referred the matter to mediation, but such was unsuccessful. The trial court scheduled a trial for April 12, 2013. On April 8, 2013, Wells Fargo filed a motion for summary judgment. In support of its motion, Wells Fargo

attached the affidavit of Nicole L. Smiley, a Vice President of Chase, which was the servicer of the loan on behalf of Wells Fargo. Smiley averred she had reviewed the business records related to the loan, had knowledge of how such records were kept and maintained, and gave her affidavit based upon the knowledge she gained through her review of those records. Smiley also stated, "true and accurate copies of the Note and Mortgage were attached to her affidavit as Exhibits and that the debt was 'accelerated * * * in accordance with the terms of the loan documents." The exhibits showed the Note was indorsed in blank and the Mortgage was assigned to Wells Fargo. Smiley further indicated the documents were part of Chase's business records.

{¶5} Appellants filed a memorandum in opposition to Wells Fargo's motion for summary judgment on April 15, 2013. Appellants included the affidavit of Appellant David Dawson, in which he averred he had never received a notice of default.

{¶6} Via Judgment Entry filed April 25, 2013, the trial court granted summary judgment in favor of Wells Fargo and issued a decree of foreclosure.

{¶7} It is from this judgment entry Appellants appeal, raising the following assignments of error:

{¶8} "I. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT FOR APPELLEE WELLS FRAGO [SIC] BANK, N.A. WHEN APPELLEE'S AFFIDAVIT DID NOT STATE THAT AN ACCELRATION [SIC] NOTICE WAS MAILED, APPELLANT DAVID DAWSON FILED AN AFFIDAVIT STATING THAT HE HAD NEVER RECEIVED AN ACCLERATION [SIC] NOTICE, AND APPELLEE NEVER FILED A REPLY BRIEF OR PRODUCED THE NOTICE.

{¶9} "II. THE TRIAL COURT ERRED BY RELYING ON THE AFFIDAVIT OF NICOLE L. SMILEY FILED IN SUPPORT OF APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE AFFIDAVIT WAS NOT MADE UPON PERSONAL KNOWLEDGE."

I

{¶10} In their first assignment of error, Appellants maintain the trial court erred in granting summary judgment in favor of Wells Fargo. We disagree.

{¶11} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996–Ohio–211:

Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶12} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same

standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35 (1987).

{¶13} Appellants contend the trial court erred in granting summary judgment to Wells Fargo as the bank failed to satisfy a condition precedent to foreclosure. Specifically, Appellants submit Wells Fargo did not establish a notice of default and intent to accelerate had been given to Appellants as required by paragraph 22 of the Mortgage. Appellants refer to the affidavit of Nicole L. Smiley, noting the affiant did not state a notice of default and intent to accelerate was mailed to Appellants. In his affidavit, Appellant David Dawson expressly indicated he had not received such notice.

{¶14} This Court has repeatedly found sending notice of default and intent to accelerate is a condition precedent to filing for foreclosure. See, *Wells Fargo Bank, N.A. v. Ward*, 5th Dist. No. 2012CA00143, 2013-Ohio-2066.

{¶15} In its complaint, Wells Fargo alleged it complied with all conditions precedent. Further, in her affidavit, Nicole Smiley testified the debt was "accelerated * * * in accordance with the terms of the loan documents." "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred." *Ward*, supra. We find these general statements are sufficient to establish compliance with the conditions precedent.

{¶16} We now must determine whether Appellant David Dawson's affidavit was sufficient to rebut the presumption of compliance. In his affidavit, Appellant David Dawson states he never received the notice of default and intent to accelerate. We find this averment is insufficient to create a disputed fact as to whether Wells Fargo

complied with the condition precedent by mailing the notice of default and intent to accelerate. It is the act of mailing, not receipt, that satisfies the condition precedent.[1]

**{¶17}** Based upon the foregoing, we find the trial court did not err in granting summary judgment in favor of Wells Fargo.

**{¶18}** Appellants' first assignment of error is overruled.

II

**{¶19}** In their second assignment of error, Appellants maintain the trial court erred in relying on the affidavit of Nicole Smiley when it granted Wells Fargo's motion for summary judgment as the affidavit was not made upon personal knowledge.

**{¶20}** In *Wachovia Bank v. Jackson*, 5th Dist. No. 2010-CA-00291, 2011-Ohio-3202, this Court, citing *Lasalle Bank Nat'l. Assoc. v. Street,* Licking App. No. 08CA60, 2009–Ohio–1855, noted:

> "Ohio courts have defined 'personal knowledge' as 'knowledge gained through firsthand observation or experience, as distinguished from a belief based upon what someone else has said.' *Zeedyk v. Agricultural Soc. of Defiance County,* Defiance App. No. 4–04–08, 2004–Ohio–6187, at paragraph 16, quoting *Bonacorsi v. Wheeling & Lake Erie Railway Co.* (2002), 95 Ohio St.3d 314, 320, 767 N.E.2d ; Black's Law Dictionary (7th Ed. Rev.1999) 875. Affidavits, which merely set forth legal conclusions or opinions without stating supporting facts, are insufficient to meet the requirements of Civ.R. 56(E). *Tolson v. Triangle Real Estate,* Franklin App. No. 03AP–715, 2004–Ohio–2640, paragraph 12. However, self-

---

[1] We note there was no affidavit from Appellant Amy Dawson averring she did not receive the notice.

serving affidavits may be offered relative to a disputed fact, rather than a conclusion of law. *CitiMortgage, Inc. v. Ferguson,* Fairfield App. No.2006CA00051, 2008–Ohio–556, paragraph 29. Ohio law recognizes that personal knowledge may be inferred from the contents of an affidavit. See *Bush v. Dictaphone Corp.,* Franklin App. No. 00AP1117, 2003–Ohio–883, paragraph 73, citing *Beneficial Mortgage Co. v. Grover* (June 2, 1983), Seneca App. No. 13–82–41." *Lasalle* at paragraphs 21–22.

\* \* " 'Personal knowledge' has been defined as knowledge of factual truth which does not depend on outside information or hearsay." \* \* \* Further, "An affiant's mere assertion that he has personal knowledge of the facts asserted in an affidavit can satisfy the personal knowledge requirement of Civ.R. 56(E). See *Bank One, N.A. v. Swartz,* 9th Dist. No. 03CA008308, 2004–Ohio–1986, paragraph 14. A mere assertion of personal knowledge satisfies Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit. *Id.*" *Id.* at para 26 and 27 (Citations omitted).

**{¶21}** In her affidavit, Smiley averred:

1. I am authorized to execute this affidavit on behalf of [Chase]. The statements made in this Affidavit are based on my personal knowledge.

2. I am over the age of 18 and competent to testify \* \* \*

3. \* \* \*

4. In my capacity as Vice President, I have access to Chase's business records, maintained in the ordinary course of regularly conducted business activity, including the business records for and relating to [Appellants'] loan. * * * I make this affidavit based upon my review of those records relating to [Appellants'] loan and from my personal knowledge of how they are kept and maintained. The loan records for [Appellants] are maintained by Chase in the course of its regularly conducted business activities and are made at or near the time of the event, by or from information transmitted by a person with knowledge.

5. Chase's business records that relate to [Appellants'] loan that I reviewed and relied upon for the statements made in this Affidavit include but are not limited to the Note, Mortgage, and Chase's electronic servicing system. * * *

6. * * * Chase * * * is the servicer of the loan and is authorized to act on behalf of the holder of the note.

7. [Appellants have] defaulted under the terms of the Note and Mortgage. * * *the loan balance has been accelerated making the entire balance due and owing in accordance with the terms of the loan documents.

**{¶22}** We find Smiley's affidavit meets the *Wachovia Bank v. Jackson* standards.

**{¶23}** Within this assignment of error, Appellants also argue Wells Fargo failed to demonstrate it had standing to bring the action as the Note had not been assigned. Appellants did not separately assign the standing issue. Pursuant to App.R. 12(A)(2),

we are not required to address issues which are not argued separately as assignments of error, as required by App.R. 16(A). *Kremer v. Cox* (1996), 114 Ohio App.3d 41, 60, 682 N.E.2d 1006; *Hawley v. Ritley* (1988), 35 Ohio St.3d 157, 159, 519 N.E.2d 390. Nonetheless, we would overrule this argument.  The assignment of a mortgage, without an express transfer of the note, is sufficient to transfer both the mortgage and the note if the record indicates the parties intended to transfer both the note and mortgage. *Bank of New York v. Dobbs,* 5th Dist. No.2009–CA–000002, 2009–Ohio 4742. See also *Federal Home Loan Mtge. Corp. v. Rufo,* 983 N.E.2d 406, 2012–Ohio–5930 (11th Dist.2012) (holding the assignment of the mortgage also resulted in the transfer of the note on that date); *Self Help Ventures Fund v. Jones,* 11th Dist. No.2012–A–0014, 2013–Ohio–868 (holding that assignment of mortgage is sufficient to transfer a contemporaneous note).

{¶24}  Appellants' second assignment of error is overruled.

{¶25}  The judgment of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Delaney, J. concur