[Cite as *Newrez, L.L.C. v. Chapman*, 2024-Ohio-1250.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| NEWREZ LLC F/K/A NEWPENN | : | Hon. W. Scott Gwin, P.J. |
| FINANCIAL LLC D/B/A SHELLPOINT | : | Hon. William B. Hoffman, J. |
| MORTGAGE SERVICING | : | Hon. Craig R. Baldwin, J. |
| | : | |
| Plaintiff-Appellee | : | |
| | : | Case No. 2023CA00135 |
| -vs- | : | |
| | : | |
| KIMBERLY ANN CHAPMAN HTTA | : | OPINION |
| KIMBERLY A. MOULOS A/K/A | | |
| KIMBERLY SARVER, ET AL | | |
| | | |
| Defendant-Appellant | | |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                             Common Pleas, Case No. 2023CV00579

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      April 1, 2024

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

DAVID J. DEMERS                         KIMBERLY ANN CHAPMAN, PRO SE
260 Market Street, Suite F              7209 Grovedell St. S.E.
New Albany, OH 43054                    Waynesburg, OH 44688

*Gwin, P.J.*

{¶1} Appellant Kimberly Ann Chapman HTTA Kimberly A. Moulos a/k/a Kimberly Sarver appeals the September 18, 2023 judgment entry of the Stark County Court of Common Pleas granting summary judgment on a foreclosure complaint to appellee NewRez LLC f/k/a NewPenn Financial, LLC d/b/a Shellpoint Mortgage Servicing.

*Facts & Procedural History*

{¶2} On May 24, 2012, appellant executed a promissory note in the amount of $97,241.00 to JPMorgan Chase Bank. The note was secured by a mortgage. In 2018, appellant executed a loan modification agreement with JP Morgan Chase. On September 16, 2019, JPMorgan Chase Bank assigned the mortgage to appellant. The assignment was recorded on September 18, 2019. Because appellant failed to pay on the note, appellant filed a foreclosure complaint on March 30, 2023.

{¶3} Appellant filed a "judicial notice of failure to state a claim upon which relief can be granted" on May 23, 2023. The Ohio Department of Taxation filed an answer to the complaint on April 24, 2023.

{¶4} Appellee filed a motion for summary judgment against appellant on August 14, 2023. Appellee also filed an affidavit in support of the motion for summary judgment. The trial court set the motion for a non-oral hearing on September 12, 2023. On September 5, 2023, appellant filed a document entitled "judicial notice of tax filing of 1099-C and Form 982 on 1040 filing."

{¶5} The trial court granted appellee's motion for summary judgment on September 18, 2023, and issued a judgment decree in foreclosure. Appellant filed a pro

se appeal of the September 18, 2023 judgment entry of the Stark County Court of Common Pleas, and assigns the following as error:

{¶6}    "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS BY ENTERING JUDGMENT IN FAVOR OF APPELLEE AND DENYING THE JUDICIAL NOTICE OF KIMBERLY ANN CHAPMAN, A CONSUMER AND ALLEGED APPELLANT/DEFENDANT BEING ONE OF WE THE PEOPLE, A NON-US CITIZEN ENTITY IN THE ABOVE CAPTIONED CASE AS PROVIDED BY I-94 PERSON-CENTRIC IDENTITY SERVICES SEARCH FROM THE U.S. DEPARTMENT OF HOMELAND SECURITY WHILE IT WAS PROVEN BY EXHIBIT ATTORNEY DAVID DEMERS A DEBTOR COLLECTOR POSSESS AN ISLN (INTERNATIONAL STANDARDS LAWYERS NUMBER 901121699) MAKING HIM FOREIGN TO THE UNITED STATES OF AMERICA.  THERE WAS ALSO A DEMAND TO SEE THE REGISTRATION OF THIS ATTORNEY TO DO BUSINESS IN THE UNITED STATES OF AMERICA, I.E., THAT WOULD MEAN A FOREIGN AGENT REGISTRATION NUMBER ON FILE WITH THE OHIO DEPARTMENT OF JUSTICE BECAUSE SAID ATTORNEY HAS AN ISLN (INTERNATIONAL STANDARD LAWYERS) NUMBER. [THE] FAILURE TO PROVIDE DISQUALIFIES ANY PUBLIC SERVANT, I.E., ATTORNEY, JUDGE, OR POLICE OFFICER.

{¶7}    "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ENTERING JUDGMENT IN FAVOR OF THE APPELLEE WHILE ALLOWING COUNSEL FOR PLAINTIFF HAVING PRODUCED NO INJURED LIVING PARTY TO TESTIFY AS A WITNESS.  THE ALLEGED PLAINTIFFS' ATTORNEY ERRONEOUSLY THUS OFFERED HIS TESTMIONY WHILE POSSESSING NO FIRSTHAND KNOWLEDGE

WHICH DENIED APPELLANT CHAPMAN HER RIGHT TO FACE HER ACCUSER AT ALL TIMES AS DEMONSTRATED IN LOWER COURT CASE FILINGS.

{¶8} "III. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ENTERING JUDGMENT IN FAVOR OF THE APPELLEE BY JUDGMENT WHEN ATTORNEY DAVID DEMERS BY HIS COMPLAINT FILED 3/30/2023 AND AFFIDAVIT OF MILITARY STATUS FILED 08-11-2023 DISPLAY A COURT DOCKET ENTRY SLANDERED AND FILED MISLEADING ERRONEOUS INFORMATION AGAINST KIMBERLY CHAPMAN HTTA KIMBERLY A. MOULOS AND KIMBERLY ANN CHAPMAN. THE COURT JOURNAL ALSO HAD DISPLAYED MULTIPLE NOTICES OF FAILURE OF SERVICE BY SHERIFF ON APPELLANT.

{¶9} "IV. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ENTERING JUDGMENT IN FAVOR OF THE APPELLEE WHEN THE FINAL JUDICIAL REPORT DISPLAYED THERE EXISTS TWO SEPARATE LOTS JOINT THAT CANNOT BE DIVIDED AS SHOWN IN APPELLEE'S NOTICE OF FILING FINAL JUDICIAL REPORT FALSELY ASSESSING TAXES. ONE PARCEL BEING 848 FRANLKIN ROAD NE WITH TAXES SENT TO MORTGAGE LENDER AND THE OTHER JOINT PARCEL BEING STONER AVENUE NE WITH TAXES PAID BY KIMBERLY CHAPMAN.

{¶10} "V. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ENTERING JUDGMENT IN FAVOR OF APPELLEE WHEN APPELLANT ENTERED JUDICIAL NOTICE OF TAX FILING OF 1099-C AND FORM 982 ON 1040 FILING WHICH IS A TAX CREDIT TO LENDER WITH EXHIBITS. THE 1099-C REFERENCE BOX HAD IDENTIFIABLE EVENT CODE B. CODE B IS USED TO IDENTIFY

CANCELLATION OF THE DEBT AS A RESULT OF RECEIVERSHIP, FORECLOSURE, OR OTHER SIMILAR FEDERAL OR STATE COURT PROCEEDING OTHER THAN BANKRUPTCY."

*Summary Judgment Standard*

**{¶11}** Civil Rule 56 states, in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

**{¶12}** A trial court should not enter summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The

court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. Of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

{¶13} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

I.

{¶14} In her first assignment of error, appellant argues the trial court committed error in granting appellee's motion for summary judgment because appellant is a non-U.S. citizen entity. Appellant did not submit any materials of evidentiary quality to support this argument. We find appellant has not met her reciprocal burden outlined in Civil Rule 56(E) to set forth specific facts showing there is a genuine issue for trial. Further, to the extent that appellant is making a "sovereign citizen" argument, we have previously rejected similar "sovereign citizen" arguments. *State v. Farley*, 5th Dist. Muskingum Nos. CT2013-0026, CT2013-0029, 2013-Ohio-5517.

{¶15} Appellant makes an argument about counsel for appellee being a foreign agent. Appellant did not submit any materials of evidentiary quality to support this argument. We find appellant has not met her reciprocal burden outlined in Civil Rule 56(E) to set forth specific facts showing there is a genuine issue for trial. Counsel is properly credentialed through the Supreme Court of Ohio.

{¶16} Appellant's first assignment of error is overruled.

II.

{¶17} In her second assignment of error, appellant argues the trial court committed error in granting appellee's motion for summary judgment because: (1) she was denied her right to face her accuser when counsel for appellee filed an affidavit and (2) neither counsel for appellee, nor Daniel Perez, had first-hand knowledge because they were not present at the real estate closing.

{¶18} Appellant first contends she was denied her Sixth Amendment right to face her accuser when counsel for appellee filed documents, including an affidavit of military status, and when Daniel Perez filed an affidavit in support of the motion for summary judgment. Appellant's Sixth Amendment claim fails because the Confrontation Clause does not apply to civil matters. "The right to confront one's accusers is a fundamental right embodied in the Sixth Amendment to the U.S. Constitution and applies to state criminal trials under the Fourteenth Amendment Due Process Clause." *S.H. v. S.P. (In re J.H.)*, 10th Dist. Franklin No. 13AP-70, 2013-Ohio-3833, citing *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). "Thus, the Confrontation Clauses of the U.S. and the Ohio Constitutions apply only to criminal matters." *Id.*, citing *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502.

{¶19} Next, appellant argues the trial court should not have relied on Daniel Perez's affidavit to grant appellee's motion for summary judgment. Daniel Perez submitted an affidavit in support of appellee's motion for summary judgment. The affiant is not required to have been at the closing or witness appellant's signature on the mortgage or note documents to have first-hand knowledge sufficient to submit an affidavit

in support of summary judgment.  Rather, Evidence Rule 803(6) provides that records of regularly conducted business activity are admissible if shown to be such "by the testimony of the custodian or other qualified witness."  The question of who may lay a foundation for the admissibility of a business record as a custodian or other qualified witness must be answered broadly.  *U.S. Bank Trustee, N.A. v. Herman*, 5th Dist. Delaware No. 14 CAE 04 0023, 2015-Ohio-586.  It is not a requirement that the witness have firsthand knowledge of the transaction giving rise to the business record.  *Id.*  "Rather, it must be demonstrated that: the witness is sufficiently familiar with the operation of the business and with the circumstances of the record's preparation, maintenance and retrieval; he can reasonably testify on the basis of this knowledge the record is what it purports to be; and it was made in the ordinary course of business consistent with the elements of Rule 803(6)."  *Id.*; *PNC Bank, N.A. v. Bradford*, 5th Dist. Stark No. 2014CA00029, 2015-Ohio-4092.

{¶20}  Civil Rule 56(E) states an affidavit must "be made on personal knowledge [and] set forth such facts as would be admissible in evidence."  Civil Rule 56(E).  Ohio law recognizes personal knowledge may be inferred from the contents of an affidavit. *Wells Fargo Bank, N.A. v. Dawson*, 5th Dist. Stark No. 2013CA00095, 2014-Ohio-269. The assertion of personal knowledge in an affidavit satisfies Rule 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference the affiant has personal knowledge of the facts in the affidavit.  *Id.*  In his affidavit, Perez states as follows:  he is a document verification specialist with appellee; he is responsible for receiving and crediting payments made pursuant to the terms of notes and mortgages, including the mortgage loan at issue in this action; in the regular

performance of his job functions, he has access to and is familiar with the business records relating to the servicing of the mortgage loan at issue; appellee keeps certain business records pertaining to acts, transactions, occurrences, and events regarding and pertaining to the mortgage loans appellee services; the business records are made and maintained the regular course of business and are made at or near the time by a person with knowledge; and he has personal knowledge of the facts set forth in the affidavit.

{¶21} Perez's affidavit goes on to state the details of the note, mortgage, and loan modification. Perez avers there has been a default in payment under the terms of the note and mortgage and appellee exercised the acceleration option contained in the note and mortgage. Further, Perez stated that as of June 29, 2023, there is due and owing the amount of $103,952.98, plus interest at the rate of 2.75% from October 1, 2022, plus late charges and advancements, and all costs and expenses incurred.

{¶22} From his position as the document verification specialist and the remainder of the averments in the affidavit, it may be reasonably inferred Perez had personal knowledge to qualify the documents as business documents. Upon review, we find the trial court did not commit error in relying upon Perez's affidavit in support of appellee's motion for summary judgment.

{¶23} Appellant's second assignment of error is overruled.

III.

{¶24} In her third assignment of error, appellant contends the trial court committed error in granting appellee's motion for summary judgment because the docket shows several "service failures" on appellant when service was attempted via the sheriff.

**{¶25}** While attempts to serve appellant with the complaint and summons via personal service by the sheriff failed, the docket demonstrates that service of the complaint and summons was completed on appellant via certified mail on April 18, 2023.

**{¶26}** Pursuant to Civil Rule 4.1(A), service of process via certified mail is "evidenced by return receipt signed by any person." The certified mail receipt was signed in this case by "Kimberly Ann Chapman." When service is attempted by certified mail, a signed receipt returned to the sender establishes a prima facie case of delivery to the addressee." *TCC Mgmt., Inc. v. Clapp*, 10th Dist. Franklin No. 05AP-42, 2005-Ohio-4357. Further, "valid service of process is presumed when any person at the defendant's address received the certified mail envelope." *Id.*

**{¶27}** "Courts will presume service to be proper in cases where the civil rules are followed unless the defendant rebuts the presumption by sufficient evidence." *State ex rel. Fairfield County CSEA v. Landis*, 5th Dist. Fairfield No. 2002 CA 00014, 2002-Ohio-5432. The certified mail receipt creates a rebuttable presumption that proper service was perfected. Upon this record, we find appellant has offered no evidence, other than arguments in her brief, to rebut the presumption that service of the complaint and summons was perfected.

**{¶28}** In her third assignment of error, appellant also contends the docket entries contained "slandered, misleading, and erroneous information against appellant." Appellant did not submit any materials of evidentiary quality to support this argument. We find appellant has not met her reciprocal burden outlined in Civil Rule 56(E) to set forth specific facts showing there is a genuine issue for trial.

**{¶29}** Appellant's third assignment of error is overruled.

IV.

{¶30} In her fourth assignment of error, appellant argues the trial court committed error in granting the foreclosure because there is a vacant lot next door that cannot be divided from the property at issue, and the final judicial decree "falsely assesses taxes" for the vacant property. We disagree with appellant.

{¶31} There is nothing in either the final judicial report or the information appellant submitted indicating the "separate lots cannot be divided." Rather, the final judicial report demonstrates there are two separate parcels with two separate parcel numbers. Additionally, the final judicial report does not "assess" any taxes. The taxes are assessed by the taxing authority. Pursuant to the judgment entry and decree of foreclosure, appellee's lien is subject to the lien of the treasurer for taxes. Appellant's fourth assignment of error is overruled.

V.

{¶32} In her fifth assignment of error, appellant contends the trial court committed error in granting appellee's motion for summary judgment because she received a 1099-C from appellee's mortgage servicing company. We disagree with appellant. Pursuant to IRS regulations, appellee was required to issue a 1099-C to appellant for the tax year 2022 because the debt was cancelled "as a result of the foreclosure proceeding." I.R.S. Pub. No. 4681, Cat. No. 51508F, https://www.irs.gov/pub/irs-pdf/p4681.pdf.

{¶33} Appellant also argues the Form 982 she submitted demonstrates there is a "tax credit available for appellee." Form 982 is a portion of appellant's personal tax returns. Appellee does not have the ability to "take" a tax credit from appellant to cover any portion of the debt owed. Appellant's fifth assignment of error is overruled.

**{¶34}** Based on the foregoing, appellant's assignments of error are overruled. The September 18, 2023 judgment entry of the Stark County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Baldwin, J., concur